**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MAIDENFORM BRANDS, INC., | |
| Plaintiff, | Civil Action No. 10-cv-1661 |
| v. | |
| TIMES THREE CLOTHIER LLC, | |
| Defendant. | |
| TIMES THREE CLOTHIER LLC | |
| Counterclaim-Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| MAIDENFORM BRANDS, INC., | |
| Counterclaim-Defendant. | |

**TIMES THREE CLOTHIER LLC'S**
**FIRST AMENDED ANSWER AND COUNTERCLAIMS**

This is Times Three Clothier LLC's ("Times Three") responsive pleading under Federal Rule of Civil Procedure 12, and contains Times Three's Answer to Maidenform Brands, Inc.'s ("Maidenform") Complaint for Declaratory Judgment of Non-Infringement and Invalidity and Times Three's Counterclaims against Maidenform for Infringement of Times Three's U.S. Design Patent No. D606,285 ("'285 Patent") and U.S. Design Patent No. D616,627 ("'627 Patent").

**<u>ANSWER</u>**

Times Three hereby responds to each numbered paragraph of the Complaint as follows:

1.      Times Three admits that Maidenform is a Delaware corporation, with its principal place of business in South Iselin, New Jersey.  Times Three lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation in Paragraph 1.

2.      Times Three admits that it is a New York limited liability company doing business under the name Yummie Tummie®.  Times Three denies that its principal place of business is 1459 Broadway, Suite 2002, New York, NY 10018.  Times Three admits that it is engaged in the business of selling women's apparel.

3.      Times Three admits that this Court has subject matter jurisdiction over Maidenform's purported claims, but denies that those claims have merit.

4.      Times Three admits that this Court may exercise personal jurisdiction over Times Three.

5.      Times Three admits that venue is proper.

6.      Times Three lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7.      Times Three lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.      Times Three admits that Maidenform sells a product known as "Flexees."  Times Three lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8.

9.      Times Three admits that Maidenform sells a product known as "the Fat-Free Dressing Tank Top."  Times Three lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9.

10.     Times Three admits that it has contacted certain retailers regarding the sale of products that infringe the '285 Patent, including certain Maidenform products.

11.     Times Three denies the allegations in Paragraph 11.

12.     Times Three admits that an actual controversy exists between Maidenform and Yummie Tummie® regarding Maidenform's infringement of the '285 patent, and denies any remaining allegations in Paragraph 12.

13.     Times Three is without knowledge or information sufficient to form a belief as to the truth of  the allegations in Paragraph 13.

14.     Times Three incorporates by reference its responses as set forth in Paragraphs 1 through 13 of its Answer above, as if set forth fully here.

15.     Times Three denies the allegations in Paragraph 15.

16.     Times Three denies the allegations in Paragraph 16.

17.     Times Three admits that an actual controversy exists regarding Maidenform's infringement of the '285 patent, and denies any remaining allegations in Paragraph 17.

18.     Times Three denies the allegations in Paragraph 18.

<u>**COUNTERCLAIMS**</u>

**NATURE OF THE CASE**

1.     This action arises from efforts by the Counterclaim-Defendant, Maidenform, to manufacture, copy, market, distribute, and sell products infringing United States Design Patents held by the Counterclaim-Plaintiff, Times Three, in violation of 35 U.S.C. §§ 271 and 281.

2.     Times Three is an independent manufacturer of innovative lines of high-quality, modern women's shapewear garments that are marketed, distributed, and sold under the well-known brand names Yummie Tummie®, I Am Yummie™, Tummy Tank™, and Tummylicious™ (collectively, "Yummie Tummie®").  Times Three's expansive Yummie

Tummie® product line was conceived and designed by Heather Thomson Schindler, a fashion designer and creative director who has contributed to many acclaimed fashion collections, including *Sean John* by Sean Combs, *Sweetface* by Jennifer Lopez, and *House of Deréon* by Beyonce Knowles.

3.     Ms. Thomson Schindler's designs are embodied in an expansive line of Yummie Tummie® products, all of which offer consumers the most effective, comfortable, and fashion-forward women's shapewear on the market.  Times Three has launched a range of Yummie Tummie® branded shapewear products, including a variety of styles of tops, bottoms, apparel, and intimates for women of all sizes.  Times Three's Yummie Tummie® line of shapewear is sold at such premium retailers as Neiman Marcus, Saks Fifth Avenue, Nordstrom, and Bloomingdales.

4.     Times Three is the assignee of United States Design Patent No. D606,285 ("the '285 Patent") and United States Design Patent No. D616,627 ("the '627 Patent"), which embody Ms. Thomson Schindler's innovative designs.  The '285 Patent is attached as Exhibit 1.  The '285 Patent claims the ornamental design for the garment shown and described in the patent.  The '627 Patent is attached as Exhibit 2.  The '627 Patent claims the ornamental design for the garment shown and described in the patent.

5.     Maidenform manufactures, distributes, advertises, and sells shapewear garments that infringe the '285 Patent and the '627 Patent ("Knock-Off Garments").

6.     There are at least three notable design elements taught by the '285 Patent that have been adopted wholesale and without alteration by Maidenform:

o     First, the Maidenform Knock-Off Garments have the same hourglass profile as the garment taught by the '285 Patent.

- 4 -

o Second, the Maidenform Knock-Off Garments employ an identical three-panel design to that covered by the '285 Patent:  the top of the garment (from the straps to just below the shoulder blades) is comprised of a separate piece of fabric from the middle of the garment which, in turn, is comprised of a separate piece of fabric from the bottom of the garment.  This three-panel construction is clearly set forth in the '285 Patent.

o Finally, the Maidenform Knock-Off Garments generally mirror the proportions of the three-panel sections illustrated in the '285 Patent.

7. The Maidenform Knock-Off Garments are also infringing the design taught by the '627 Patent.

8. On information and belief, Maidenform's Knock-Off Garments were intentionally designed to copy the designs embodied by the '285 Patent and the '627 Patent, in order to trade off of the invention associated with Times Three's Yummie Tummie® line of shapewear garments.

9. Times Three seeks injunctive relief and damages to prevent Maidenform from infringing its patent rights, deceiving and confusing consumers, and destroying the goodwill and reputation for quality Times Three has cultivated and developed for its Yummie Tummie® line of shapewear garments.

**THE PARTIES**

10. Times Three is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.

11. Maidenform is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Iselin, New Jersey.  Maidenform advertises, offers for sale, and sells the Knock-Off Garments to consumers in the United States.

- 5 -

Additionally, through retailers and via its website, http://www.maidenform.com/home.jsp,

Maidenform sells Knock-Off Garments to consumers in New York.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over Times Three's claims because they

arise under the Patent Act, 35 U.S.C. § 1 *et seq.*  Federal subject matter jurisdiction is conferred

by 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (patents).

13.     This Court has personal jurisdiction over Maidenform because, on information

and belief, Maidenform conducts business in the State of New York and within this District,

including through the sale of its products at retail stores and via the internet to residents of New

York.  *See* N.Y. C.P.L.R § 301, 302 *et seq*.

14.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)-(c),

because Maidenform is a corporation doing business in and subject to personal jurisdiction in

this District, and because it distributes and/or sells Knock-Off Garments within this District.

## TIMES THREE'S DESIGN PATENTS

15.     Times Three is and has been the sole owner of all rights, title, and interest to the

'285 Patent and the '627 Patent.  The '285 Patent is valid and was duly and legally issued to

Times Three on December 22, 2009.  The '627 Patent is valid and was duly and legally issued to

Times Three on June 1, 2010.

16.     Maidenform is in the business of manufacturing, having manufactured, offering to

sell, and/or selling women's shapewear, including its Knock-Off Garments, in competition with

Times Three's Yummie Tummie® line.

17.     In addition to its sales directly to consumers, Maidenform also offers to sell and

sells its Knock-Off Garments for resale by retailers, including Macy's and Bon-Ton.

18.     Maidenform has, without any authority or license form Times Three, made, used, offered to sell, and/or sold in the United States Knock-Off Garments having product designs that are covered by the '285 Patent and the '627 Patent.  On information and belief, the Knock-Off Garments are intentionally designed to look like Times Three's Yummie Tummie® shapewear garments.  Exemplary infringing Knock-Off Garments made, marketed, offered for sale, and/or otherwise placed in U.S. commerce in New York by Maidenform include the product known as the "The Fat-Free Dressing™  Tank Top," a sample of which is identified by the Maidenform style number 3266.

19.     Maidenform's promotion and sale of Knock-Off Garments have irreparably harmed Times Three.

## COUNT I
**(Design Patent Infringement, 35 U.S.C. §§ 271 and 281)**

20.     Times Three incorporates the allegations contained in paragraphs 1 through 19 as though fully set forth herein.

21.     Maidenform has been and, on information and belief, still is making, using, offering to sell, selling, and/or importing in the United States Knock-Off Garments that infringe the '285 Patent in violation of 35 U.S.C. § 271(a).

22.     On information and belief, Maidenform has been and still is actively inducing others to infringe the '285 Patent in violation of 35 U.S.C. § 271(b).

23.     On information and belief, Maidenform's infringement has been intentional and willful, making this an exceptional case.

24.     By reason of Maidenform's infringement, Times Three has suffered, and unless Maidenform's conduct is permanently enjoined, will continue to suffer, actual damages and irreparable harm, as to which it has no adequate remedy at law.

## <u>COUNT II</u>
### (Design Patent Infringement, 35 U.S.C. §§ 271 and 281)

25.     Times Three incorporates the allegations contained in paragraphs 1 through 19 as though fully set forth herein.

26.     Maidenform has been and, on information and belief, still is making, using, offering to sell, selling, and/or importing in the United States Knock-Off Garments that infringe the '627 Patent in violation of 35 U.S.C. § 271(a).

27.     On information and belief, Maidenform has been and still is actively inducing others to infringe the '627 Patent in violation of 35 U.S.C. § 271(b).

28.     On information and belief, Maidenform's infringement has been intentional and willful, making this an exceptional case.

29.     By reason of Maidenform's infringement, Times Three has suffered, and unless Maidenform's conduct is permanently enjoined, will continue to suffer, actual damages and irreparable harm, as to which it has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Times Three respectfully requests that this Court:

1.     Enter judgment in favor of Times Three;

2.     Permanently enjoin Maidenform and the predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, those acting in privity or concern with Maidenform, or on its behalf, from further infringing the '285 Patent, and from inducing others to infringe the '285 Patent;

3.      Permanently enjoin Maidenform and the predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, those acting in privity or concern with Maidenform, or on its behalf, from further infringing the '627 Patent, and from inducing others to infringe the '627 Patent;

4.      Award Times Three its actual damages in an amount to be determined at trial;

5.      Award Times Three treble its actual damages under 15 U.S.C. § 1117 and/or 35 U.S.C. § 284, as a result of Maidenform's knowing and willful misconduct;

6.      Award Times Three punitive damages because of Maidenform's knowing, willful, and deliberate bad faith acts of unfair competition in an amount to be determined at trial;

7.      Award Times Three all of its actual costs and reasonable attorneys' fees in this action as authorized by 35 U.S.C. § 285; and

8.      Grant to Times Three such other relief as may be just and warranted under the circumstances.

## JURY TRIAL DEMAND

Times Three demands a trial by jury on all issues so triable.

Dated:  June 14, 2010                    Respectfully submitted,

  /s/ Kate Hutchins
Kate Hutchins
WILMER CUTLER PICKERING
HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

*Attorneys for Defendant and Counterclaim-Plaintiff*
*Times Three Clothier, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system per Local Civil Rule 5.2 on June 14, 2010.

*/s/* Kate Hutchins
Kate Hutchins